# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**CHRISTOPHER GREGG THOMAS**,

Debtor.

Case No. **19-60287-BPH**

## ORDER

At Butte in said District this 8th day of January, 2020.

In this Chapter 7 bankruptcy, after due notice, the Court commenced a hearing January 6, 2020, in Butte on the Motion to Modify Stay ("Motion") filed by Clifton Bo Cleveland Abbott ("Abbott") on December 2, 2019, at ECF No. 54. Given time constraints encountered during the hearing, the Court agreed to continue the final hearing on Abbott's Motion. The record will remain open and Abbott will be allowed to participate in the continued hearing by video. The Court also agreed to set a deadline for the parties to consider whether to consent to resolving ownership of the Tahoe in connection with the Motion as a contested matter.

Pursuant to Fed. R. Bankr. P. 7001, a proceeding to determine an interest in property generally requires an adversary proceeding. However, parties may also consent to treat the matter as a contested matter. Although Abbott appears as the owner on the title of the vehicle, Debtor is in possession of the vehicle and asserts that he has an interest, as an owner or otherwise. Much of the evidence presented at the hearing held January 6, 2020, pertained to the ownership of the Tahoe. Wells Fargo, the senior lienholder on the vehicle likely has not filed for stay relief, presumably because its records show Abbott as the borrower and owner of the

1

collateral that secures its loan. Abbott seeks stay relief so that the vehicle can be sold, the sales proceeds applied to the debt, and his liability reduced.

Thomas wants to retain possession because he claims it is his vehicle, and suggested he is capable of paying off the debt to Wells Fargo. If this Court were to conclude that debtor had an equitable interest in the vehicle, or was the owner of the vehicle, the vehicle would remain Wells Fargo's collateral, and the probability it would move for stay relief is high because under 11 U.S.C. § 362(d)(2), there is no equity in the vehicle (although the hearing has not been concluded there is no dispute regarding this fact). Thus, as a practical matter while resolution of the title issue will resolve Abbott and Thomas' dispute over ownership, even if Thomas prevails on the title issue, he may not be entitled to retain the vehicle because there is admittedly no equity in the vehicle.

In conjunction with this continuance, Thomas shall determine whether he consents to this Court adjudicating the title ownership issue in this contested matter. Should he answer this question in the negative, he should consider whether exhibits and testimony he intends to present at the continued hearing are relevant to the stay relief issue. Further, for all parties' consideration, this Court has considered title ownership issues such as those presented here in its prior decisions. *See* Adv. Pro. 09-00098, *Yellowstone Development LLC v. Robert Sumpter*, ECF No. 44. Accordingly,

IT IS ORDERED that on or before **January 17, 2020**, the parties shall each file a statement whether they consent to this Court deciding the ownership of the Tahoe as a contested matter in connection with Abbott's Motion; the final hearing on Abbott's Motion shall be held **Wednesday, February 5, 2020, at 09:00 a.m.,** or as soon thereafter as the parties can be heard, in the 2ND FLOOR COURTROOM, FEDERAL BUILDING, 400 N. MAIN, BUTTE,

MONTANA; and for cause shown, the 30-day rule set forth in 11 U.S.C. § 362(e) is waived and the automatic stay shall continue in effect pending conclusion of the final hearing.

Further, Abbott shall be permitted to appear by video at the continued hearing. In order to ensure that the hearing proceeds efficiently, Thomas shall advise Abbott's counsel of all exhibits he intends to use in connection with his continued questioning of Abbott, and Abbott's counsel shall ensure that Abbott has copies of those exhibits on the date and time of his continued questioning.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana